UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN RUIZ,

                                        Plaintiff,                                  Civil Action No.:
                                                                                    7:19 Civ. 04399 (VB)

                   -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                                        Defendant.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF LIBERTY MUTUAL FIRE
<u>INSURANCE COMPANY'S MOTION TO DISMISS</u>**

Jaffe & Asher LLP
Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY
445 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT .......................................................................................................... 2

      Point I

      RUIZ HAS FAILED TO SHOW THAT HE HAS
      PROPERLY PLED A CLAIM FOR ATTORNEYS' FEES ............................... 2

      Point II

      RUIZ HAS STILL FAILED TO, AND CANNOT,
      ADEQUATELY PLEAD CONSEQUENTIAL DAMAGES ............................. 3

          A.  Bi-Econ. and Panasia Have Not Changed the
              Pleading Requirements for Consequential Damages ............................... 3

          B.  Ruiz Has Not and Cannot Plead that Consequential Damages
              Were Foreseeable or Contemplated under the Liberty Policies ............... 5

      Point III

      RUIZ'S CLAIM FOR THE BREACH OF THE IMPLIED COVENANT
      OF GOOD FAITH AND FAIR DEALING IS DUPLICATIVE ....................... 7

CONCLUSION .................................................................................................... 10

## TABLE OF AUTHORITIES

433 Main St. Realty, LLC v. Darwin Nat. Assur. Co.,
No. 14-CV-587 (NGG)(VMS), 2014 WL 1622103 (E.D.N.Y. Apr. 22, 2014)........................ 7, 8

Bald Hill Builders, LLC v. 2138 Scuttle Hole Rd. Realty, LLC,
No. 2:17-CV-107 (ADS)(GRB), 2017 WL 3668769 (E.D.N.Y. Aug. 23, 2017).......................... 9

Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York,
10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008) ........................................................................ 3, 4, 5, 6

County of Orange v. Travelers Indem. Co.,
No. 13-CV-06790 (NSR), 2014 WL 1998240 (S.D.N.Y. May 14, 2014)...................................... 7

Ebrahimian v. Nationwide Mut. Fire Ins. Co.,
960 F. Supp. 2d 405 (E.D.N.Y. 2013) ......................................................................................... 4

Franklin v. Liberty Mut. Ins. Co.,
No. 08 Civ. 7120 (DAB)(DF), 2010 WL 5758984, (S.D.N.Y. Oct. 22, 2010),
aff'd on other grounds, 2011 WL 476613 (S.D.N.Y. Feb. 9, 2011)................................................ 4

Ins. Co. of Greater N.Y. v. Clermont Armory, LLC,
84 A.D.3d 1168, 923 N.Y.S.2d 6614 (2d Dep't 2011) ............................................................. 2, 3

Int'l Rehab. Scis. Inc. v. Gov't Employees Ins. Co.,
No. 12-CV-1225-A, 2014 WL 6387276 (W.D.N.Y. Nov. 14, 2014) ......................................... 4, 6

McBride v. New York Prop. Ins. Underwriting Ass'n,
152 A.D.3d 505, 58 N.Y.S.3d 140 (2d Dep't 2017) ................................................................. 7, 8

Mighty Midgets, Inc. v. Centennial Ins. Co.,
47 N.Y.2d 12, 416 N.Y.S.2d 559 (1979) ................................................................................. 2, 3

New York Univ. v. Cont'l Ins. Co.,
87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) ............................................................................... 8, 9

Panasia Estates, Inc. v. Hudson Ins. Co.,
10 N.Y.3d 200, 856 N.Y.S.2d 513 (2008) ........................................................................ 3, 4, 5, 6

Ripka v. Safeco Ins.,
No. 5:14-CV-1442, 2015 WL 3397961 (N.D.N.Y. May 26, 2015) .............................................. 4

Stein, LLC v. Lawyers Title Ins. Corp.,
100 A.D.3d 622, 953 N.Y.S.2d 303 (2d Dep't 2012)................................................................... 2

Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.,
958 F. Supp. 2d 399 (E.D.N.Y. 2013) ......................................................................................... 3

Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co.,
No. 8:18-CV-0565 (LEK)(DJS), 2018 WL 6267923 (N.D.N.Y. Nov. 30, 2018) .......................... 2

## PRELIMINARY STATEMENT

Liberty Mutual[1] respectfully submits this reply memorandum of law in further support of its motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the claims for attorneys' fees, consequential damages, and breach of the implied covenant of good faith and fair dealing for failure to state a claim upon which relief may be granted, and granting Liberty Mutual such other and further relief as this Court deems just and proper.

Ruiz's claim for recovery of attorneys' fees should be dismissed. He does not at all address that he has not, and cannot, plead a statute, agreement, or court rule that would authorize his recovery of attorneys' fees. New York law is clear that an insured cannot recovery of attorneys' fees incurred in bringing a lawsuit for coverage. That rule of law even applies on a claim for breach of the covenant of good faith and fair dealing. There is no circumstance where attorneys' fees constitute recoverable consequential damages, unless the insurer sues the insured. That is not the case here.

Ruiz's claim for recovery of consequential damages must be dismissed. He failed to show he has adequately pled consequential damages in his Complaint, or that he can make such a pleading. Ruiz, moreover, cannot state a claim for consequential damages because the nature, purpose, and particular circumstances of the insurance policies at issue make it clear that Ruiz and Liberty Mutual did not contemplate the recovery of consequential damages.

Finally, Ruiz failed to show that his claim for breach of the covenant of good faith and fair dealing is not duplicative of his breach of contract claim. Both this claim, and Ruiz's breach of contract claim, arise from the same operative facts and seek the same damages.

---

[1] The same defined terms used in Liberty Mutual's moving memorandum of law (ECF Doc. 11) shall be used herein.

## ARGUMENT

### Point I

### RUIZ HAS FAILED TO SHOW THAT HE HAS
### PROPERLY PLED A CLAIM FOR ATTORNEYS' FEES

      In his opposing the instant motion, Ruiz failed to address the fact that he has not and cannot plead a statute, agreement, or court rule that would authorize his recovery of attorneys' fees against Liberty Mutual.  See, e.g., Ins. Co. of Greater N.Y. v. Clermont Armory, LLC, 84 A.D.3d 1168, 1171, 923 N.Y.S.2d 661, 663–64 (2d Dep't 2011).  Instead, Ruiz incongruently argues that he "sufficiently" pled he was harmed by Liberty Mutual's alleged breach of the implied covenant of good faith and fair dealing.

      New York Courts, however, have made it clear that the "American Rule," where each party bears its own costs, applies even for claims based on breach of the duty of good faith and fair dealing.  Young Men's Christian Ass'n of Plattsburgh v. Philadelphia Indem. Ins. Co., No. 8:18-CV-0565 (LEK)(DJS), 2018 WL 6267923, at *8 (N.D.N.Y. Nov. 30, 2018); Stein, LLC v. Lawyers Title Ins. Corp., 100 A.D.3d 622, 622-23, 953 N.Y.S.2d 303, 304 (2d Dep't 2012) ("[N]othing in Bi–Economy or Panasia ALTERS THE COMMON-law rule that, absent a contractual or policy provision permitting the recovery of an attorney's fee, an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.") (internal quotations omitted).

      Ruiz's attempt to distinguish the instant action from Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21-22, 416 N.Y.S.2d 559, 564 (1979), is also meritless.  Ruiz attempts to obfuscate the "defensive posture" language from the Mighty Midgets decision, by arguing that he has somehow been placed in a "defensive posture" by Liberty Mutual in this action.  However, in Mighty Midgets, the New York Court of Appeals employs the terms

2

"defensive posture" to refer not to an insured's posture of based on an insurer's disclaimer of coverage, but based on an insurer's initiation of a lawsuit against the insured. Id. at 22, 416 N.Y.S.2d at 564 (denying plaintiff-insured's claim for attorneys' fees because "unlike the circumstances presented when an insurer compels its assured to defend against its attempts to obtain a declaration of its right to disclaim, here it is the insured itself that has taken the offensive[]"); see also Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc., 958 F. Supp. 2d 399, 406 (E.D.N.Y. 2013) (denying claim for attorneys' fees because, since the insured initiated the action against the insurer, the insurer, not the insured, was cast in a "defensive posture").

Here, Ruiz, taking the offensive, brought this action against Liberty Mutual. Therefore, based on Mighty Midgets, and the other authorities Liberty Mutual has presented to the Court, Ruiz's claim for attorneys' fees must be dismissed.[2]

## Point II

### RUIZ HAS STILL FAILED TO, AND CANNOT, ADEQUATELY PLEAD CONSEQUENTIAL DAMAGES

In his opposition, Ruiz failed to show he has adequately pled consequential damages in his Complaint, or that he can make such a pleading.

A.     **Bi-Econ. and Panasia Have Not Changed the Pleading Requirements for Consequential Damages**

Ruiz's reliance on Panasia and Bi-Econ. is misplaced. Both of these holdings decided motions for summary judgment, and thus addressed whether consequential damages

---

[2] Furthermore, as explained by the Court of Appeals, the rationale for allowing an insured to recover attorneys' fees when it is sued by its insurer is based on "the theory that an insurer's responsibility to defend reaches the defense of [a]ny actions arising out of [an] occurrence." Mighty Midgets, 47 N.Y.2d at 21, 416 N.Y.S.2d at 564. Therefore, attorneys' fees are only recoverable pursuant to Mighty Midgets when an insurer has a duty to defend. Ins. Co. of Greater N.Y., 84 A.D.3d at 1171, 923 N.Y.S.2d at 663–64. Here, Liberty Mutual's duty to defend is not even implicated; Ruiz's action is based upon first-party claims for property damage. For this additional reason, he cannot recover his attorneys' fees in this action. Id.

were recoverable as a matter of law.  Panasia Estates, Inc. v. Hudson Ins. Co., 10 N.Y.3d 200,

203, 856 N.Y.S.2d 513, 514 (2008); Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York,

10 N.Y.3d 187, 196, 856 N.Y.S.2d 505, 510 (2008).  In his opposition, Ruiz confuses the fact

that, because Bi-Econ. and Panasia found that, in theory, a claim for consequential damages can

be made by an insured against an insurer in certain circumstances and for certain insurance

policies, that he has adequately pled them here.

        Panasia and Bi-Econ. do not address, or alter, the pleading requirements for

consequential damages.  Indeed, this Court and others in this Circuit have found the same.  See,

e.g., Int'l Rehab. Scis. Inc. v. Gov't Employees Ins. Co., No. 12-CV-1225-A, 2014 WL 6387276,

at *3 (W.D.N.Y. Nov. 14, 2014) (granting defendant insurer's motion to dismiss the plaintiff's

claim for consequential damages, while finding the plaintiff's reliance on Bi-Econ. misplaced);

Franklin v. Liberty Mut. Ins. Co., No. 08 Civ. 7120 (DAB)(DF), 2010 WL 5758984, at *3

(S.D.N.Y. Oct. 22, 2010), aff'd on other grounds, 2011 WL 476613 (S.D.N.Y. Feb. 9, 2011)

(while citing to Bi-Econ., nonetheless finding that, the plaintiff-insured failed to plead

consequential damages); Ebrahimian v. Nationwide Mut. Fire Ins. Co., 960 F. Supp. 2d 405, 416,

418 (E.D.N.Y. 2013) (denying plaintiff-insureds' request for consequential damages for failure

to plead such damages with sufficient particularity, while separately discussing Bi-Econ.); Ripka

v. Safeco Ins., No. 5:14-CV-1442, 2015 WL 3397961, at *4-5 (N.D.N.Y. May 26, 2015)

(dismissing plaintiff-insured's claims for consequential damages, despite acknowledging the

holdings of Panasia and Bi-Econ., because of plaintiff-insured's failure to adequately plead such

damages).

        In his opposition, Ruiz has not shown, or even argued, that he has pled

consequential damages with the requisite particularity.  Ruiz also has not shown, or even argued,

that he has pled, other than in an inadequate, boilerplate fashion, that such damages were

foreseeable and within the contemplation of the parties at the time the Liberty Policies was made.

Thus, his claim for consequential damages must be dismissed.

**B.    Ruiz Has Not and Cannot Plead that Consequential Damages Were Foreseeable or Contemplated under the Liberty Policies**

Ruiz cannot state a claim for consequential damages against Liberty Mutual,

despite the holdings of Bi-Econ. or Panasia.  In Bi-Econ., 10 N.Y.3d at 191, 856 N.Y.S.2d at

507, the Court of Appeals addressed "business interruption insurance", the purpose of which is to

keep a business afloat during a period of time where there is a suspension of operations.  The

Court of Appeals reasoned that, because of this particular type of insurance, consequential

damages were recoverable:

> The purpose served by business interruption coverage cannot be
> clearer—to ensure that Bi–Economy had the financial support
> necessary to sustain its business operation in the event disaster
> occurred. . . . Thus, the very purpose of business interruption
> coverage would have made Harleysville aware that if it breached
> its obligations under the contract to investigate in good faith and
> pay covered claims it would have to respond in damages to Bi–
> Economy for the loss of its business as a result of the breach. . .
> . Therefore, in light of the nature and purpose of the insurance
> contract at issue, as well as Bi–Economy's allegations that
> Harleysville breached its duty to act in good faith, we hold that Bi–
> Economy's claim for consequential damages including the demise
> of its business, was reasonably foreseeable and contemplated by
> the parties, and thus cannot be dismissed on summary judgment.

Id. at 194-96, 856 N.Y.S.2d at 509-10 (internal citations omitted).

The case at bar is materially distinguishable from Bi-Econ.  Again, the nature,

purpose, and particular circumstances of the Liberty Policies make it clear that Ruiz and Liberty

Mutual did not contemplate the recovery of consequential damages in connection with a claim

under the Policies.  Ruiz has not and cannot show that the Liberty Policies allow for the recovery

of consequential damages, in excess of the Policies' limits.  Indeed, in <u>Int'l Rehab.</u>, 2014 WL

6387276, at *3, the District Court dismissed the plaintiff's claim for consequential damages,

finding that the plaintiff could not rely on <u>Bi-Econ.</u>, for the same reason:

> The plaintiff again points to *BiEconomy* [sic] as the authority
> supporting the plaintiff's claim for consequential damages in this
> case.  Again, the plaintiff's reliance upon *Bi–Economy* is
> misplaced. . . . Unlike the insurance contract at issue in
> BiEconomy [sic], the plaintiff does not point to any provision in
> GEICO's no-fault insurance policies underlying the instant claims
> which purports to cover consequential damages such as business
> interruption, loss of revenue or diminution of business value
> incurred by a third-party payee.

Given the Liberty Policies' clear language limiting liability, and the lack of any provision

allowing for the recovery of consequential damages, Ruiz cannot show Liberty Mutual and Ruiz

contemplated that any anticipated dispute would result in consequential damages.  Unlike the

insurance in <u>Bi-Econ.</u>, the purpose of which was to financially support the business so it can

continue operating in the event of a disaster, Ruiz cannot point to a similar collateral purpose

regarding the Liberty Policies.  The purpose was to reimburse for property damages and loss of

use of the Premises, and nothing more.

       <u>Panasia</u> is also of no avail to Ruiz.  There, the Court of Appeals did not hold that

consequential damages were recoverable under the policy in question.  <u>Panasia</u>, 10 N.Y.3d at

203, 856 N.Y.S.2d at 515.  The Court simply, and very narrowly, held that the courts below

failed but should have considered whether the consequential damages sought by the plaintiff-

insured were foreseeable as a result of the defendant-insurer's alleged breach of the policy.  <u>Id.</u>

       In conclusion, because Ruiz cannot adequately plead consequential damages, and

recovery of consequential damages was not contemplated by the Liberty Mutual and Ruiz when

the Liberty Policies were issued, this Court should dismiss Ruiz's claim for consequential damages.

## Point III

### RUIZ'S CLAIM FOR THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS DUPLICATIVE

Ruiz does not dispute that, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." 433 Main St. Realty, LLC v. Darwin Nat. Assur. Co., No. 14-CV-587 (NGG)(VMS), 2014 WL 1622103, at *2 (E.D.N.Y. Apr. 22, 2014). "Consequently, a claim that defendant has breached the duty of good faith can only survive a motion to dismiss if it is based on allegations that differ from those underlying an accompanying breach of contract claim." County of Orange v. Travelers Indem. Co., No. 13-CV-06790 (NSR), 2014 WL 1998240, at *2 (S.D.N.Y. May 14, 2014).

Ruiz has failed to show in his opposition that his claim for breach of the covenant of good faith and fair dealing is not duplicative of his breach of contract claim. Ruiz cannot rely on McBride v. New York Prop. Ins. Underwriting Ass'n, 152 A.D.3d 505, 506, 58 N.Y.S.3d 140, 141 (2d Dep't 2017). In McBride, the Appellate Division, without providing detail, affirmed the lower court's finding that the plaintiff therein sufficiently pled a claim for breach of the covenant of good faith and fair dealing. Id. In the lower court's decision, the Supreme Court found that this claim was properly pled, because its "alleged facts are different, and are properly interposed in addition to the breach of contract claim." McBride v New York Property Ins. Underwriting Ass'n, No. 31212015, 2015 WL 13574149, at *3 (N.Y. Sup. Ct. Dec. 03, 2015) (emphasis added), modified, 152 A.D.3d 505, 58 N.Y.S.3d 140 (2d Dep't 2017). Thus, the plaintiffs in McBride properly pled their claim for breach of the covenant of good faith and fair dealing.

7

However, contrary to the plaintiffs in <u>McBride</u>, the facts Ruiz alleges for his claim for breach of the covenant of good faith and fair dealing are not different, or properly interposed, in addition to his claim for breach of contract.[3]

Even in <u>McBride</u>, 2015 WL 13574149, at *3, the Supreme Court states that "the obligation of good faith is breached when a party to a contract acts in manner that, while not expressly forbidden under the terms of the contract, would deprive the other party of the right to receive the benefits of the agreement." Ruiz however does not allege that Liberty Mutual engaged in acts not expressly forbidden by the Liberty Policies that deprived him of his rights under the Policies. Rather, both of Ruiz's claims arise from Liberty Mutual's denial of payment under the Liberty Policies. Assuming Ruiz prevails on his breach of contract claim, Liberty Mutual's denials of coverage would clearly be "forbidden under the terms of contract(s)" at issue. In other words, Ruiz's claim for breach of the duty of good faith and fair dealing is nothing more than another way of saying that Liberty Mutual breached its contracts.

Ruiz's slight re-wording of his claim for breach of the covenant of good faith and fair dealing does not indicate any substantive difference from his breach of contract claim. Therefore, this claim should be dismissed as duplicative. <u>New York Univ. v. Cont'l Ins. Co.</u>, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290 (1995) (held that "cause of action [for breach of the implied covenant of good faith and fair dealing] is duplicative of the first cause of action for breach of contract and should have been dismissed"); <u>433 Main</u>, 2014 WL 1622103, at *2 ("[t]he fact that Defendant has not paid what Plaintiffs believe is due under the Policy is the crux of Plaintiffs' breach of contract claim and does not present an independent factual predicate for a breach of the covenant of good faith and fair dealing[;] [p]laintiffs label Defendant's conduct as

---

[3] It is not even clear that Ruiz even pleads such a second claim given that both claims appear under a single heading—"As and for the First Cause of Action"—in his Complaint.

8

'mishand[ling]' or 'unreasonable delay[ ]' but do not back up these conclusions with facts showing bad faith that differ from those supporting the alleged breach of contract.").

In his opposition, Ruiz's argument that "the condition at the property" worsened, and that "further damage to the property was incurred" is not supported by facts alleged in Ruiz's Complaint. Ruiz cannot remedy shortcoming of his Complaint in his opposition to the instant motion.[4] Moreover, Ruiz's argument that discovery in this action should proceed so he can make out his claim for the breach of the covenant of good faith and fair dealing is improper. Ruiz should not be allowed to use this action as a fishing expedition for a claim he cannot plead in the first place. See Bald Hill Builders, LLC v. 2138 Scuttle Hole Rd. Realty, LLC, No. 2:17-CV-107 (ADS)(GRB), 2017 WL 3668769, at *4 (E.D.N.Y. Aug. 23, 2017) (finding that the plaintiff's request in its complaint to engage in discovery so to discern whether the defendant breached the implied covenant of good faith and fair dealing "constitute[s] 'aimless trawling,' and is not permitted[.]").

Accordingly, pursuant New York Univ. and the other aforementioned authorities, Ruiz's claim for breach of the covenant of good faith and fair dealing should be dismissed as duplicative of his breach of contract claim.

---

[4] This Court gave Ruiz the opportunity to amend his Complaint when this motion was filed, but Ruiz chose not to do so. (See ECF Docs. 12 & 13.)

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Liberty

Mutual's motion in all respects.

Dated:      White Plains, New York
            July 29, 2019

                                        Respectfully submitted,

                                        JAFFE & ASHER LLP

                              By:  _____
                                        Marshall T. Potashner, Esq.
                                        Ori Shafirstein, Esq.
                                   Attorneys for Defendant
                                   LIBERTY MUTUAL FIRE
                                   INSURANCE COMPANY
                                   445 Hamilton Avenue, Suite 405
                                   White Plains, New York 10601
                                   (212) 687-3000

10