```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN RUIZ,                                      :
                    Plaintiff,                  :
                                                :
v.                                              :         OPINION AND ORDER
                                                :
                                                :         19 CV 4399 (VB)
LIBERTY MUTUAL FIRE INSURANCE                   :
COMPANY,                                        :
                    Defendant.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

  Plaintiff John Ruiz brings this diversity action against defendant Liberty Mutual Fire Insurance Company, alleging breach of contract and breach of the implied covenant of good faith and fair dealing in connection with two homeowners insurance claims submitted to, and denied by, defendant.

  Now pending is defendant's motion for partial dismissal of plaintiff's complaint pursuant to Rule 12(b)(6). (Doc. #9).

  For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

  For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

  At all times relevant to the complaint, plaintiff was the owner of real property located at 11 Linden Place in Middletown, New York (the "insured premises").

From September 13, 2016 to September 13, 2018, plaintiff and the insured premises were covered by a homeowners insurance policy issued and delivered to plaintiff by defendant (the "policy").

On or about January 28, 2017, the insured premises flooded when a pipe burst (the "first flood"). The first flood allegedly caused damage to the insured premises and plaintiff's personal property. Plaintiff reported the incident to defendant and submitted an insurance claim for his alleged losses. Thereafter, defendant inspected the insured premises.

During the insurance adjustment of the first flood claim, a disagreement between plaintiff and defendant arose respecting the amount of plaintiff's alleged losses. Plaintiff then demanded an appraisal pursuant to the terms of the policy.

About one year later, on January 13, 2018, the insured premises again flooded following another burst pipe (the "second flood"). The second flood allegedly caused additional damage to the insured premises and plaintiff's personal property.

Plaintiff reported the incident to defendant and submitted an insurance claim respecting same. Thereafter, defendant inspected the insured premises.

On March 12, 2019, over two years after the first flood, defendant sent plaintiff a letter denying both claims for coverage "due to alleged fraud or concealment." (Compl. ¶ 23).

On March 29, 2019, defendant notified plaintiff by letter that it was terminating the appraisal of plaintiff's damages from the first flood because of a "coverage dispute." (Compl. ¶ 22).

On April 10, 2019, plaintiff commenced an action against defendant in Supreme Court, Orange County, containing a single claim styled "breach of contract and implied covenant of

good faith and fair dealing." (Compl. ¶¶ 28–48). Plaintiff alleges defendant's payments have been "wholly inadequate to properly compensate [him] for the losses incurred." (Compl. ¶ 27).

The complaint's <u>ad</u> <u>damnum</u> clause requests judgment against defendant for, <u>inter</u> <u>alia</u>, compensatory and consequential damages, and attorneys' fees and costs.

On May 14, 2018, defendant timely removed the case to this Court.

## DISCUSSION

I. <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[1] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

II.     Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

Defendant contends plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it rests on the same facts as plaintiff's breach of contract claim, and is thus duplicative.

The Court disagrees.

Under New York law, "courts do not recognize a distinct claim for breach of the implied covenant of good faith and fair dealing when it is premised upon the same facts as a breach of contract claim." Clement v. Farmington Cas. Co., 2015 WL 6971565, at *6 (S.D.N.Y. Nov. 10, 2015). "Consequently, a claim that defendant has breached the duty of good faith can only survive a motion to dismiss if it is based on allegations that differ from those underlying an accompanying breach of contract claim." County of Orange v. Travelers Indem. Co., 2014 WL 1998240, at *2 (S.D.N.Y. May 14, 2014). Moreover, a claim for breach of the implied covenant of good faith cannot be sustained if "the damages it seeks to recover are identical to those asserted in the breach of contract claim[]." ARI & Co. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 523 (S.D.N.Y. 2003).

Accepting plaintiff's allegations as true, the claim for breach of the implied covenant of good faith and fair dealing survives dismissal. Plaintiff alleges not only that defendant breached the policy by failing to remit appropriate coverage payments to plaintiff, but also that defendant acted with bad faith by failing properly to inspect and appraise the alleged damages. Indeed, plaintiff alleges defendant acted in bad faith by delaying, and then cancelling, an appraisal of damages caused by the first flood. Moreover, plaintiff seeks to recover "additional" damages— including remediation and living expenses—incurred as a result of defendant's alleged dilatory claim assessments and conduct. (See Compl. ¶¶ 37, 45–48).

4

As an additional matter, defendant's attempt to cabin plaintiff's breach of contract and implied covenant claims as one and the same, because both claims appear under a single heading in the complaint, is of no moment. See Roman Catholic Diocese of Rockville Ctr. v. Gen. Reinsurance Corp., 2016 WL 5793996, at *3 (S.D.N.Y. Sept. 23, 2016) (concluding plaintiff's implied covenant claim, pleaded under the same heading as a breach of contract claim, may proceed because plaintiff pleaded facts sufficient to maintain its implied covenant claim).

Accordingly, the motion to dismiss plaintiff's implied covenant claim must be denied.

III.     Consequential Damages

Defendant argues plaintiff has failed to plead consequential damages with particularity, or that such damages were foreseeable or contemplated by the policy.

The Court disagrees.

To plead plausibly a demand for consequential damages, a plaintiff "need not point to an express contract provision or specific language permitting the recovery of consequential damages." Hold Bros., Inc. v. Hartford Cas. Ins. Co., 357 F. Supp. 2d 651, 658 (S.D.N.Y. 2005). "This Circuit has consistently held . . . that consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim and such damages were reasonably contemplated by both parties at the time of the contract's execution." Sikarevich Fam. L.P. v. Nationwide Mut. Ins. Co., 30 F. Supp. 3d 166, 173 (E.D.N.Y. 2014) (omission in original) (collecting cases).

At this early stage of proceedings, plaintiff has met his burden. He has plausibly alleged facts demonstrating he incurred additional damages as a result of defendant's allegedly improper claims handling and subsequent claims denial, and an understanding by defendant that its denial, and delayed disposition of, plaintiff's claims for coverage would likely cause plaintiff to suffer

5

further losses or extra expenses. Indeed, plaintiff sufficiently alleges additional remediation and living expense damages beyond those sustained initially from the first and second floods.

To be clear, it remains to be proven whether plaintiff's consequential damages allegations are attributable to any alleged breach of the implied covenant of good faith and fair dealing, or breach of contract, and whether such damages were foreseeable to the parties. Such factual determinations are currently not before the Court, nor are they appropriate for assessment at this early stage of the case.

For the above reasons, plaintiff's allegations are sufficient to support his demand in the complaint's ad damnum clause for consequential damages.

IV.  Attorneys' Fees

However, plaintiff's request for attorneys' fees, also contained within the complaint's ad damnum clause, is subject to dismissal.

"The rule is well settled in this State that the successful party in litigation may not recover attorneys' fees, except where authorized by the parties' agreement, statutory provision or court rule." Chase Manhattan Bank, N.A. v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005, 258 A.D.2d 1, 4 (1st Dep't 1999).

In insurance coverage litigation, New York courts recognize a narrow exception to this rule. The exception applies when an insured "has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21 (1979). "The reasoning behind [this rule] is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action." U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 597–98 (2004). In other words,

the exception arises from an insurer's contractual obligation to defend. Yet despite this exception, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under [a] policy." New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 324 (1995).

In his opposition, plaintiff does not argue the policy or statute authorizes the recovery of attorneys' fees. Rather, plaintiff contends he "has been placed in a defensive posture by the legal steps [d]efendant . . . has taken in an effort to free itself from policy obligations." (Doc. #16 at 4).

This argument is unpersuasive. Defendant denied plaintiff's claims for coverage, after which plaintiff affirmatively commenced this action to "settle [his] rights" under the policy. New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d at 324. Put another way, defendant has not placed plaintiff in a defensive posture. To conclude otherwise would eviscerate both the general rule respecting attorneys' fees in insurance coverage litigation and the narrow exception noted above.

Moreover, to the extent plaintiff classifies the attorneys' fees he seeks as consequential damages, "New York courts have . . . explicitly rejected" such arguments. Roman Catholic Diocese of Rockville Ctr. v. Gen. Reinsurance Corp., 2016 WL 5793996, at *5 (collecting cases).

For these reasons, plaintiff's demand for attorneys' fees is subject to dismissal.

## CONCLUSION

The motion for partial dismissal is GRANTED inasmuch as it seeks dismissal of plaintiff's demand for attorneys' fees, and DENIED in all other respects.

By January 13, 2020, defendant shall file an answer to the complaint.

The Clerk is instructed to terminate the motion. (Doc. #9).

Dated: December 30, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge