UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RUIZ,<br><br>                    Plaintiff,<br><br>     -against-<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                    Defendant. | **PROTECTIVE ORDER**<br><br>7:19 Civ. 04399-VB-JCM |

HON. JUDITH McCARTHY, U.S.M.J.:

    WHEREAS, plaintiff JOHN RUIZ ("Plaintiff") moved for disclosure of certain nonpublic and competitively sensitive commercial information of defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("LMFIC") in connection with discovery in this action; and

    WHEREAS, disclosure of such confidential information may be severely injurious to LMFIC, placing it at a competitive disadvantage within the industry; and

    WHEREAS, the Court has directed LMFIC to produce portions of said materials under a protective order; and

    WHEREAS, this Court finds good cause exists for issuance of a confidentiality order governing the production of said materials,

    IT IS HEREBY ORDERED that any person subject to this Order – including without limitation Plaintiff and his attorneys (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of

contempt:

1. All "Discovery Material" under this Order, consisting of documents being produced by LMFIC in response to Plaintiff's letter dated July 28, 2020 requesting documents concerning the June 30, 2020 oral examination of LMFIC's 30(b)(6) Representative, Richard Beaudette, and this Court's Order dated September 28, 2020, shall be, and hereby is, designated as "Confidential", and Plaintiff and his attorneys may not disclose such Confidential Discovery Material to anyone else except as this Order expressly permits. LMFIC shall endorse all such documents with the inscription "Confidential".

2. The Discovery Material shall be made available only to the following persons when needed by them in connection with their duties in the conduct of hit action:

   (a) Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

   (b) Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (c) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (d) Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) Stenographers engaged to transcribe depositions the Parties conduct in this action; and

(f) This Court, including any appellate court, its support personnel, and court reporters.

3. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 2(b), 2(c), 2(d), or 2(e) above, Plaintiff and/or his attorneys must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Plaintiff's counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to LMFIC's counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

4. In the event that Plaintiff seeks to file any document under this Protective Order with the Court for any purpose, counsel for Plaintiff, prior to such filing or seeking any judicial relief herein, shall provide 14-days' notice to counsel for LMFIC of the specific document or documents the Plaintiff wishes to file so that LMFIC may seek a sealing order (including a TRO precluding the filing until the motion for a sealing order is decided). Plaintiff agrees to limit any filings with the Court to only so much of that portion of the manual or manuals that relate to the arguments he is making to the Court, and shall not file, or seek to file, any portion of the claim manuals unrelated to the issues in this action.

5. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals

thereto, and not for any business, commercial, competitive, or any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

6. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7. Within 60 days of the final disposition of this action – including all appeals – Plaintiff must ensure that all persons and entities to which it has provided Confidential Discovery Material either return it – including all copies thereof – to LMFIC's counsel or shred and destroy such material – including all copies thereof. By the 60-day deadline, Plaintiff must certify its return or destruction by submitting a written certification to LMFIC's counsel that affirms that neither it nor any other person or entity to which Plaintiff or his counsel has provided Confidential Discovery Material has retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.

8. The confidential status of the Discovery Material shall be permanent, and this Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

9. This Court will retain jurisdiction over all persons subject to this Order

to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: White Plains, New York
      October 2, 2020

                              **SO ORDERED:**

                              */s/ Judith C. McCarthy*
                              Hon. Judith C. McCarthy
                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RUIZ,<br><br>        Plaintiff,<br><br> -against-<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>        Defendant. | **NON-DISCLOSURE<br>AGREEMENT**<br><br>7:19 Civ. 04399-VB-JCM |

   I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                     _____

                     Dated: