UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
JOHN RUIZ,

            Plaintiff,

    -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

           Defendant.
---------------------------------------------------------x

Civil Action No.: 7:19-cv-04399 (VB)(JCM)

**DECLARATION OF
JASON M. CIERI, ESQ.
IN SUPPORT OF HIS
MOTION TO WITHDRAW
AS COUNSEL OF RECORD**

## MEMORANDUM OF LAW IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW

Jason M. Cieri, Esq.
On behalf of
Morgan & Morgan, PA
*Attorneys for Plaintiff*
*John Ruiz*
100 Somerset Corporate Blvd.
Floor 2, Suite 107
Bridgewater, NJ 08807

1

## PRELIMINARY STATEMENT

Movant Jason M. Cieri, Esq., currently employed by Chubb Insurance Company and Morgan & Morgan, PA, counsel for Plaintiff, John Ruiz in the above-captioned action, respectfully submits this memorandum of law in support for an order pursuant to Local Rule 1.4 of this Court and Rules 1.16(c)(1) of the New York Rules of Professional Conduct: (1) granting Jason M. Cieri be relieved as counsel of record for John Ruiz; (2) granting Morgan & Morgan, PA be relieved as counsel of record for John Ruiz; and (3) granting Morgan & Morgan, PA such other relief which to the Court seems proper.

## STATEMENT OF FACTS

A short timeline will assist the Court with resolution of this Motion:

| Date | Event |
|---|---|
| 04/06/18 | Plaintiff retained the firm Merlin Law Group, PA ("Merlin Law Group"). The case is a First Party property lawsuit involving two pipe burst losses, one in January 2017 and the other in January 2018. Merlin Law Group assigned the case to attorney Jason M. Cieri for handling. |
| 04/10/19 | Merlin Law Group, on behalf of Plaintiff, filed a lawsuit in Orange County Supreme Court. |
| 05/14/19 | Defendant filed a Notice of Removal was filed in this matter, transferring the case to the Southern District of New York. |
| 05/14/19 | Jason M. Cieri, Esq. on behalf of Merlin Law Group, filed a notice of appearance on behalf of Plaintiff. |
| 01/18/21 | Jason M Cieri, Esq. joined Morgan & Morgan, PA ("Morgan & Morgan"). The Ruiz case came with Mr. Cieri to Morgan & Morgan. |

| | |
|---|---|
| 02/12/21 | Jason M. Cieri, Esq., on behalf of Morgan & Morgan, filed a Substitution of Attorney, substituting out Merlin Law Group as counsel of record on behalf of Plaintiff, John Ruiz. |
| 06/11/21 | Liberty Mutual Fire Insurance Company ("Liberty Mutual"), filed its Motion for Partial Summary Judgment. |
| 07/30/21 | Jason Cieri, Esq. accepted a job with Chubb Insurance Company as in-house counsel. In that position, Mr. Cieri is in charge of overseeing and litigating many property damage lawsuits on behalf of Chubb Insurance Company. As a condition of his employment he must relinquish any and all case files where he is attorney of record. Further, as in-house counsel, Mr. Cieri will potentially be frequently taking conflicting positions on issues that may affect the outcome of this matter. |
| 08/12/21 | Plaintiff filed its Opposition to Defendant's Motion for Partial Summary Judgment. Defendant's Reply to Plaintiff's Opposition was filed on September 13, 2021. |
| 08/16/21 | Mr. Cieri spoke with Mr. Ruiz to inform him of his departure from Morgan & Morgan and that he would have to seek new counsel. |

As a result, Mr. Cieri asks this Court that he be allowed to withdraw from representing Plaintiff in this matter as he no longer works for Morgan & Morgan as his employment with Chubb is a conflict of interest and any association with this matter could jeopardize his employment.

Morgan & Morgan seeks to be relieved as counsel of record because they currently do not have a first-party property insurance attorney licensed to practice law in the State of New York.

## ARGUMENT

It is clear that "[d]istrict courts have wide discretion in deciding to grant a motion for an attorney's withdrawal." Monteleone v. The Leverage Group, 2009 U.S. Dist. LEXIS 27359, at *2 (E.D.N.Y. 2009). Whether to grant or deny a motion to withdraw as counsel falls to the sound

discretion of the trial court. Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010).

Withdrawal of counsel from representation is governed by Rule 1.4 of the Local Civil Rules for the Southern District of New York which provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by an order of the Court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

This Court also may consider the New York Rules of Professional Conduct ("RPC"), including RPC section 1.16(c)(1), which permits an attorney to withdraw from representing a client where the withdrawal can be accomplished without material adverse effect on the interests of the client. Additionally, Courts in this District have held that satisfactory reasons for withdrawal include " 'the existence of irreconcilable conflict between attorney and client.' " Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 335 (S.D.N.Y. 2014) (quoting Naguib v. Pub. Health Solutions, 12 Civ. 2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); see also Munoz v. City of New York, 4 Civ. 1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008).

### A. Irreconcilable Differences and an Inherent Conflict of Interest Are Present

In the case at bar, there are two issues which pose irreconcilable differences and an inherent conflict of interest. First, the undersigned has accepted a new position as Coverage Claim Director with Chubb Insurance Company. A conflict of interest exists as Mr. Cieri will now be solely defending insurance companies during his current employment and potentially taking opposing views on certain issues that are present in this case. Those views could potentially be used against Plaintiff at trial which would severely prejudice the outcome. Additionally, as a condition of the

undersigned's employment with Chubb, Mr. Cieri would have to withdraw as counsel on any of my currently pending cases, no matter what stage they were in.

With regard to Morgan & Morgan being relieved as counsel. The firm does not employ another attorney licensed in the State of New York who practices first-party property insurance litigation. Therefore, their only option would be to employ an attorney in-house that is not experienced in first-party property litigation which would undoubtedly prejudice the Plaintiff.

### B. The Withdrawal can be accomplished without material adverse effect on the interests of John Ruiz

In considering a motion to withdraw pursuant to Local Rule 1.4, the court must also consider "the posture of the case," and whether " 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2d Cir. 1999).

At this juncture in the case, Plaintiff recently submitted his opposition to Defendant's Motion for Partial Summary Judgment. Defendant just submitted its reply and Your Honor still has to decide that motion. Given the discussion the parties had with Your Honor regarding the backlog of criminal and civil trial calls on your docket due to COVID-19, Mr. Ruiz would have at least several months to a year to locate new counsel.

Defendant will likewise not be prejudiced by my or Morgan & Morgan's withdrawal. Liberty Mutual has consented to Morgan & Morgan's motion to withdraw as counsel.

### C. Morgan & Morgan, PA Charging Lien

To pursue the best interests of the Plaintiff, and to allow the Plaintiff to pursue other representation, Morgan & Morgan, PA will not seek a charging lien on its attorneys fee but will seek a charging lien to recooperate the costs incurred litigating the suit upon settlement of the case, assuming sufficient funds are recovered to cover the firm's costs.

## CONCLUSION

For all the foregoing reasons, I, Jason M. Cieri respectfully request that this Court grant the undersigned's and Morgan & Morgan's motion to withdraw as counsel for John Ruiz.

Dated: Bridgewater, New Jersey
September 29, 2021

                                              Respectfully submitted,

By: *Jason M. Cieri, Esq.*
*On behalf of Morgan & Morgan, PA*
*Attorneys for Plaintiff*
jason.cieri@gmail.com